# THE RAMEAU LAW FIRM

16 Court Street, Suite 2504
Brooklyn, NY 11241

| | |
|---|---|
| AMY RAMEAU, ESQ.* | *Admitted in New York, New Jersey, |
| amywmrameau@hotmail.com | Eastern and Southern Districts of New York |
| | |
| *Of Counsel* | |
| AFSAAN SALEEM, ESQ.+ | +Admitted in New York, |
| saleemlawny@gmail.com | Eastern and Southern Districts of New York |

November 12, 2015

**VIA ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Omar Cumberland v. City of New York, et al.</u>, 15 CV 1920 (BMC)

Your Honor:

The parties write to jointly request an extension of time to file the Joint Pre-Trial Order, an adjournment of the Final Pre-Trial Conference and an extension of discovery to January 15, 2016. These adjournments and extensions are needed because the defendants produced for the first time--after November 2nd--the discovery end date, over 500 pages of documents and 24 CD-Roms which contained dozens of photographs, several audio files of interviews and phone calls and video files which all pertain directly to the New York City Department of Correction Investigation Division investigation into the incident.

The parties are mindful of the Court's earlier ruling regarding extensions of discovery. However, the fact that this file even existed was only first made known to defense counsel on October 28th and defense counsel only received this file for the first time on October 30, 2015. On June 30th, Plaintiff wrote to defendants alerting them to the fact that several items from the Use of Force package appeared to be missing. On August 4th, with the deadline to amend the complaint set for August 7th and discovery set to close on September 1st, Plaintiff again raised the issue with defendants as to any outstanding discovery pertinent to the incident. Defendants, via email the same day, responded that "they have not received any further documents and don't know that any exist." Plaintiff relied on that representation and filed his Amended Complaint on August 5th.

At the September 22nd deposition of plaintiff he testified that he was interviewed about the incident by civilian investigators from the

# THE RAMEAU LAW FIRM

Department of Correction both before and after he appeared for an infraction hearing and that these statements were audio recorded. Since plaintiff had no reason to suspect that there were any other records or investigation to the incident, plaintiff believed that he only made statements as part of his Infraction Hearing. Counsel discussed plaintiff's testimony after his deposition and defense counsel agreed to search for any audio or digital files relating to these interviews, if any existed. In addition, on September 30th, plaintiff wrote to defendants requesting the Infraction hearing file and any "audio or visual recordings or digital images" associated with it. After plaintiff's deposition, defense counsel requested from Department of Correction any investigative files relating to the case, including audio-visual materials that had not been provided already, including the infraction hearing file. Neither counsel was aware that the Investigation Division had conducted a formal investigation into this very incident that commenced three days after the incident and continued for over 18 months.

Subsequently, in preparing defendants Engleton and Cockburn for their depositions, defense counsel informed them that plaintiff testified he was interviewed on audiotape by civilian investigators from the DOC. At that time, Engleton and Cockburn also indicated that they recalled being interviewed by investigators from the Investigation Division relating to this case. It was only at the depositions of defendants Engleton and Cockburn, on October 14th and 15th, respectively, that it first became known to plaintiff that the Investigation Division had conducted an investigation into this incident. On October 16th, plaintiff sent defendants a letter outlining 17 items of discovery that were still outstanding. On October 22nd, the parties met and conferred about the outstanding items and defendants agreed to produce certain items by October 28th and the rest by the discovery end date of November 2nd. Based upon defendants' representations that they would be producing these records by a date certain, plaintiff felt that the need for court intervention had been rendered moot. Plaintiff informed defense counsel that should defendants not produce the documents as agreed plaintiff would be left without a practical remedy.

Nevertheless, plaintiff relied upon that representation and expected to get the remaining items of discovery as expected. On October 28, 2015, DOC informed defense counsel that it had located the Investigation Division File and accompanying audio and digital files. Defense counsel informed plaintiff's counsel immediately and advised that defendants would produce the file once it was received and reviewed. Defense counsel received the file at the end of the day on Friday, October 30. Due to the volume of paper and audio/digitial files that needed to reviewed, defense counsel was not able to produce the full file and audio/digital materials until after the November 2 discovery deadline. Plaintiff, however, was left dumbfounded, at the sheer volume of

# THE RAMEAU LAW FIRM

discovery defendants produced after discovery ended. Plaintiff has not even yet fully been able to review, view or listen to all the discovery produced.

In addition, based upon the investigations' findings there appear to be additional officers who plaintiff believes participated in the alleged assault of plaintiff who were unknown to plaintiff. Furthermore, plaintiff conducted an on-site inspection on October 6, 2015 at the location to take photographs only to find out that the whole visit floor looked different than it appeared on the date of the incident. In the newly produced discovery, the Investigation Division investigators took photographs of the location three days after the incident, and these photographs are included in the file that was produced

They also identified additional witnesses and got an opinion from a doctor from the medical examiner's office as to causation of plaintiff's injuries. At this juncture, plaintiff contends that it would be highly premature for plaintiff to even ascertain what additional discovery he would need based upon this production. In addition, plaintiff contends it would be highly prejudicial to plaintiff to allow him to proceed to trial without first being allowed an opportunity to conduct any additional discovery or name any additional officers as needed.

Defendants contend that plaintiff has not been prejudiced since plaintiff now has the full investigative file relating to this incident, the names of every conceivable witness to the incident, interviews/audio statements from every one of these witnesses, photographs of any injuries to plaintiff and staff and photos of the incident location. Further, plaintiff now has every official document relating to the incident. Nevertheless, since defendants acknowledge that the Investigation Division file was produced late, defendants are willing to have the discovery period extended and provide plaintiff the opportunity to review the file and determine if additional discovery is needed.

For all of the foregoing reasons, the parties respectfully request that discovery be extended for an additional 60 days which would allow plaintiff time to fully review the Investigation Division file (which in light of the presence of several audio files of interviews will take numerous hours), identify any additional defendants he would like to name, amend the Complaint, obtain these officers disciplinary records, interview or depose any additional witnesses and possibly redepose Engleton and Cockburn in light of this discovery.

Sincerely,

/s/

Afsaan Saleem, Esq.